**Delores COOMES and Michelle Coomes, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. J91–0538(L).**

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 21, 1992.

Frank J. Campbell, Teller, Martin, Chaney & Hassell, Vicksburg, Miss., for plaintiffs.

Philip W. Gaines, Steen, Reynolds, Dalehite & Currie, Jackson, Miss., for defendant.

## MEMORANDUM OPINION
## AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant State Farm Mutual Automobile Insurance Company for summary judgment and the cross-motion of plaintiffs Delores Coomes and Michelle Coomes for partial summary judgment. Each party has responded to the motion of the other and the court has considered the memoranda of authorities together with attachments submitted by the parties.

On February 1, 1991, Michelle Coomes was a passenger in an automobile being driven by Claiborne Alford. As a result of Alford's negligence, the car crashed and Michelle Coomes was seriously injured.[1] At the time of the accident, the Alford vehicle, or "host" vehicle, was insured under a policy issued by The Home Insurance Company (Home) which provided $25,000 in liability coverage. Home's policy also had uninsured motorist coverage limits of $10,000 per person which applied to Michelle Coomes as an occupant of the vehicle, and it provided $2,000 in medical payments coverage. On the date of the accident, Michelle Coomes was also an "insured" under a State Farm policy issued to her mother, Delores Coomes, which provided limits of $10,000 uninsured motorist coverage. Plaintiffs filed claims under both the Home and State Farm policies seeking recovery of benefits. Home paid to Michelle the sum of $67,000, the total of all coverage limits—liability, uninsured motorist vehicle and medical payments—under its policy. Of that $67,000, $40,000 represented uninsured motorist benefits; Home stacked the uninsured motorist coverage on the host vehicle with the coverage provided on three other vehicles under Alford's policy. State Farm denied plaintiffs' claim for benefits, taking the position that the Alford vehicle was not an "uninsured motor vehicle."

The question presented on the motions before the court is whether State Farm is contractually obligated by the terms of its policy to pay plaintiffs the limits of its policy, $10,000.

State Farm's policy specifically provides, regarding availability of uninsured motorist benefits, that:

We will pay damages for **bodily injury** and **property damage** an **insured** is legally entitled to collect from the owner or driver of an **uninsured motor vehicle.** The **bodily injury** or **property damage** must be caused by an accident arising out of the operation, maintenance or use of an **uninsured motor vehicle.**

The term uninsured motor vehicle is defined by the policy to include

1. a land motor vehicle, the ownership, maintenance or use of which is

b. insured or bonded for bodily injury liability at the time of the accident but:

(1) the limits of liability are less than the limits of liability of this coverage under this policy....[2]

It is undisputed that in addition to insuring the host vehicle, the Home policy provided coverage for three other vehicles and that Home stacked the uninsured motorist coverage applicable to each of those vehicles in arriving at the amount of uninsured motorist benefits which it paid to Michelle Coomes, $40,000. It is clear, however, that under Mississippi law, for the purpose of determining whether the Alford vehicle was underinsured as to Michelle Coomes, stacking of the coverage for the additional three vehicles is not permitted. In *Thiac v. State Farm Mutual Automobile Insurance Co.*, 569 So.2d 1217 (Miss.1990), the Mississippi Supreme Court made it clear that in determining whether an insured vehicle is underinsured, the court is to compare "the limits of liability coverage on that vehicle to the uninsured limits provided through the injured party's *own* cover-

---

**1.** Ms. Coomes was rendered quadriplegic as a result of the accident.

**2.** This definition is in accord with the definition of uninsured motor vehicle contained in Mississippi's uninsured motorist statute:

An insured motor vehicle when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the insured person provided under his uninsured motorist coverage.

age." *Thiac,* 569 So.2d at 1219. The court explained:

> The rule of law which this Court has established in interpreting our statutory definition of an underinsured motorist is: *for the purpose of qualifying the host vehicle as underinsured, a guest passenger is permitted to stack her own UM coverage with the UM coverage on the host vehicle.*

*Id.* at 1221. The court went on to emphasize that,

> For the purpose of establishing whether an insured host vehicle is, in fact, underinsured, *we look no further than the guest passenger's own coverage and the coverage on the host vehicle.*

*Id.* In the case at bar, the limits of liability coverage on the Alford vehicle are $25,000. The uninsured limits provided through Michelle Coomes' own coverage—the State Farm coverage—is $10,000 and the coverage provided on the host vehicle is $10,000, which stack to provide total limits of uninsured motorist coverage applicable to Michelle Coomes of $20,000. Therefore, from the standpoint of Michelle Coomes, the Alford vehicle was not underinsured.

▄▄▄ Under both the uninsured motorist statute, Miss.Code Ann. § 83–11–103, and State Farm's policy, plaintiffs must establish, as a prerequisite to a successful claim for underinsured motorist benefits, that the insured motor vehicle is, in fact, underinsured. *Id.* at 1219. The fact that the Alford vehicle was not underinsured would appear to defeat plaintiffs' claim for recovery under State Farm's policy. Plaintiffs, however, insist that theirs is not a claim for underinsured motorist benefits, but rather for payment of *excess* coverage. In support of their position, plaintiffs rely on a provision in State Farm's policy which provides, under the heading "If There Is Other Coverage," as follows:

> If the **insured** sustains **bodily injury** while occupying a vehicle which is not **your car** or a **newly acquired car,** this coverage applies as excess to any uninsured motor vehicle coverage which applies to the vehicle as primary coverage.

The parties agree that Michelle Coomes was an insured under State Farm's policy and that she sustained bodily injury while occupying a vehicle which was not the insured's car or a newly acquired car. They further agree that $40,000 of the $67,000 paid by Home represented uninsured motor vehicle coverage. Plaintiffs argue that because Home, which provided primary coverage on the Alford vehicle, paid uninsured motorist benefits on account of Michelle Coomes' injuries, then State Farm is obligated by its policy to pay its $10,000 limits as excess coverage. According to plaintiffs, since Home determined that its uninsured motor vehicle coverage applied and paid those benefits to Michelle Coomes, State Farm is thus contractually obligated by the terms of its policy to pay "excess" benefits up to its policy limits of $10,000. Plaintiffs interpret this policy provision to require that, so long as Michelle's damages exceed or are in "excess" of other available uninsured motorist coverages, a fact which is not in dispute, then State Farm must pay under its policy, notwithstanding the fact that the conditions for payment of uninsured motorist benefits under State Farm's policy, i.e., an uninsured or underinsured motor vehicle, are not satisfied. In plaintiffs' view, whether or not the Alford vehicle was "underinsured" according to State Farm's policy is simply not relevant since they are not seeking recovery of underinsured motorist benefits from State Farm, but rather are seeking recovery of "excess" insurance benefits. The court cannot agree.

Regardless of how plaintiffs choose to characterize their claim, whether for underinsured motorist benefits or excess coverage, they are not entitled to recovery of benefits under State Farm's policy. The coverage provided by State Farm's policy is uninsured motorist coverage, not merely some sort of abstract "insurance" coverage. The phrase "this coverage applies" in the disputed provision must be read in conjunction with those provisions of the policy which define the scope of the uninsured motorist coverage as that provision appears in that part of the policy which describes and defines State Farm's uninsured

motor vehicle coverage. So viewed, State Farm's coverage will apply as excess only when State Farm's uninsured motorist coverage has been invoked under the terms and definitions contained in the uninsured motorist coverage portion of State Farm's policy. In the court's opinion, the disputed provision applies to render State Farm's coverage applicable as "excess" *uninsured motorist coverage* and as such is brought into play only in the event State Farm's uninsured motorist coverage is invoked. The mere fact that another insurance carrier provides uninsured motorist benefits as primary coverage under the terms of that carrier's policy does not operate to render State Farm liable under its policy to pay uninsured motorist benefits. Simply put, State Farm agreed to apply its coverage as excess, but by definition, State Farm agreed to apply its coverage as excess only when there is first coverage under its policy, not some other policy. That is, only when its coverage applies is it to be applied as excess[3] and its coverage simply does not apply in the absence of an uninsured motor vehicle.

Based on the foregoing, it is ordered that defendant State Farm's motion for summary judgment is granted.

A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

---

**3.** State Farm's policy provides that "defined words are printed in bold face italics." Plaintiffs argue that because the phrase "uninsured motor vehicle" does not appear in bold face italics in the disputed provision, State Farm obviously did not intend that its policy definition of "uninsured motor vehicle" apply to this excess coverage. However, the phrase "uninsured motor vehicle" which appears in the disputed provision is used with specific reference to another carrier's payment of uninsured motorist vehicle coverage. The explanation of when *State Farm's* uninsured motorist coverage is to apply as excess begins with the phrase *"this insurance,"* and obviously refers to State Farm's own uninsured motorist vehicle coverage.